# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                  **Case No.  6:07-cr-92-Orl-22DAB**

**DONATOS SARRAS**

_____

## REPORT AND RECOMMENDATION AND ORDER

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO SUPPRESS AND EXCLUDE EVIDENCE (Doc. No. 25)** |
| **FILED:** | **July 16, 2007** |
| | _____ |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

| | |
|---|---|
| **MOTION:** | **MOTION TO PRODUCE EVIDENCE (Doc. No. 26)** |
| **FILED:** | **July 17, 2007** |
| | _____ |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

The related motions are directed to the timeliness of the government's production of certain

evidence and the government's refusal to produce other evidence in this child pornography case.

Originally at issue were two expert witness reports, Defendant's request to obtain a "mirror image"

of the seized computer, and permission to conduct a forensic analysis of the seized digital camera.

Since the filing of the motions, Defendant acknowledges receiving the reports, and the government

has offered to allow an examination of the digital camera, under certain conditions (Doc. No. 35).

Defendant admits to no specific prejudice resulting from the inconsequential delay, and conceded at

hearing that these matters are now moot.  *See* Doc. Nos. 45, 66.

With respect to Defendant's request for a mirror image of the laptop computer, the government

correctly notes that it is prohibited by law from providing a mirror image of the hard drive as it

contains images purporting to be child pornography. *See* 18 U.S.C. § 3509(m).  The government has

offered to make a mirror image available to Defendant's expert, for private examination at a

government facility (Doc. No. 35).   While Defendant contends that such an examination is

unreasonably expensive (Doc. No. 44), he cites no authority sufficient to override the clear statutory

prohibition.[1]   The motion is **denied,** with respect to production of documents, and it is respectfully

recommended that the motion to suppress be likewise **denied.**

> **MOTION:**     **MOTION TO PRODUCE MEDICAL RECORDS (Doc. No. 47)**
>
> **FILED:**       **August 9, 2007**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED.**

---

[1]Title 18, United States Code, Section 3509(m) provides:
(m) Prohibition on reproduction of child pornography.-
(1) In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody or control of either the Government or the court.
(2)(A) Notwithstanding Rule 16 of the Federal rules of Criminal procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.
(B) For purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

According to Defendant, the alleged child victim was examined by a physician's assistant at the Kids House of Seminole, Inc., and photographs were taken by the medical personnel, as well as blood tests to determine the existence of any sexually transmitted diseases.  In its response (Doc. No. 52), the government contends that these items are in the possession of Kids House (and not the government) and are irrelevant, in any event, as the government no longer intends to call the physician's assistant as an expert in its case in chief.   As Defendant has the report from the physician's assistant, the government does not intend to rely on the testimony of the physician's assistant, save for possible rebuttal testimony, and the government does not have the pictures or the test results in any event, the motion is **denied.**[2]

| | |
|---|---|
| **MOTION:** | **MOTION TO SUPPRESS AND MOTION FOR FRANKS HEARING (Doc. No. 53)** |
| **FILED:** | **August 24, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED.**

In this motion, Defendant seeks to suppress all evidence seized from Defendant's residence and for the Court to conduct an evidentiary *Franks*[3] hearing.  Defendant contends that: 1) the affidavit underlying the search warrant did not establish probable cause for the search; 2) alternatively, the information used to establish probable cause was stale; and 3) the search warrant was overbroad.  In addition, Defendant asserts that the affidavit contained deliberate and material falsehoods and omissions.   The government has responded to the motion (Doc. No. 63).   It is **respectfully recommended** that the motion be **denied.**

**The Warrant and Probable Cause**

_____

[2]*See* discussion herein regarding Defendant's Motion to Produce Evidence at Doc. No. 55.

[3]*Franks v. Delaware,* 438 U.S. 154 (1978).

On May 7, 2007, Dana Ortiz, an investigator with the Seminole County Sheriff's Office, Division of Crimes against Children, presented an affidavit and search warrant to the Honorable Marlene Alva, Seminole County Circuit Judge (Doc. No. 53-Exhibit A).  As described by Defendant in his motion:

> In the affidavit, Investigator Ortiz indicated that she had been a sworn law enforcement officer since July 2001 and was currently assigned to the Division of Crimes against Children for the Seminole County Sheriff's Office. She indicated that "she has investigated several major crimes, including sexual battery and Lewd or Lascivious Battery cases that have led to the arrest of subjects in physical and sexual crimes against children." Investigator Ortiz then makes the conclusory allegation that she "has reason to believe that evidence relevant to proving a felony, to wit: concerning the commission of a felony in violation of Florida State Statute 827.0135(3)71 (5), unlawfully possessing material to include sexual conduct by a child," will be located within the Defendant's residence.
> (Doc. No. 53 at p. 2).

> The affidavit sets forth the following facts:

> On May 7, 2007, your Affiant received Seminole County Sheriff's Office report number 200700004380, which indicates that between October 2006 through January 2007, Donatos Sarras, a W/M, date of birth 08/23/1972, had sexually battered his fourteen year old stepdaughter at his residence located at 2668 Tweed Run, Sanford, unincorporated Seminole County, Florida 32771.

> On May 7, 2007, your Affiant conducted a sworn digitally recorded interview with the fourteen year old victim who disclosed that she had been sexually battered by her step-father, Donatos Sarras, at his residence from October 2006 through January 2007. The fourteen year old victim disclosed that she had sexual intercourse with her step-father over ten times, he licked her breast approximately two times, the victim performed oral sex on Sarras over ten times, and Sarras performed oral sex on the victim approximately three times. The fourteen year old victim stated that Sarras utilized a digital camera to capture them engaged in sexual activity to include oral sex, sexual intercourse and other sexual activity.  The fourteen year old victim indicated that numerous photographs of she and Sarras engaged in sexual activity were taken by Sarras. The victim stated that the camera used to take the photographs is an unknown type digital camera with a viewing screen. The victim stated the camera is stored at Sarras residence, located at 2668 Tweed Run, Sanford, unincorporated Seminole County, Florida 32771.

(Doc. No. 53-2).

It is axiomatic that a warrant can issue only upon a finding of probable cause.  United States Const., Amend.  IV.  As the Supreme Court has stated:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.

*Illinois v. Gates,* 462 U.S. 213, 238-239, 103 S.Ct. 2317, 2332 (1983) (internal citation omitted). The Court reviews a warrant under the totality of the circumstances approach, affording deference to an initial probable cause determination. *See United States v. Brundidge*, 170 F.3d 1350 (11th Cir.1999), *United States v. Nixon,* 918 F.2d 895 (11th Cir. 1990); *United States v. Betancourt,* 734 F.2d 750 (11th Cir. 1984) (magistrate's decision that probable cause exists is conclusive absent arbitrariness).

Here, Defendant challenges the warrant, asserting that Ortiz did not provide a sufficient basis for her belief that Defendant's residence contained evidence of criminal misconduct because 1) Ortiz did not discuss her background, training or experience; 2) there is no discussion concerning knowledge of computers and the retention or storing of digital image; 3) the statute Defendant allegedly violated was incorrectly cited; 4) the affidavit lacked details such as when the photographs were taken, on how many occasions, who owned the camera, where the camera was seen or stored; and 5) the affidavit lacks information concerning the reliability or the child and her ability to recall or relate information.

The Court finds none of these contentions to be persuasive.

Viewing the totality of the affidavit under the common sense approach mandated by *Gates,* the Court finds that it sets forth a fair probability that evidence of the sexual abuse alleged could be found in Defendant's home.  The victim stated that she was engaged in sexual conduct with Defendant and that he took pictures of the conduct using a digital camera stored at Defendant's residence.  The

exact number of pictures taken is not determinative, nor must there be specific detail regarding the

victim's ability to recall.[4]  As for the lack of specific detail regarding the Investigator's computer

experience and the transfer of images from the camera to a computer, such detail is also not required:

> "[D]irect evidence linking the place to be searched to the crime is not required for the issuance of a search warrant." *Conley,* 4 F.3d at 1207. "Instead, probable cause can be, and often is, inferred by 'considering the type of crime, the nature of the items sought, the suspect's opportunity for concealment and normal inferences about where a criminal might hide' " the fruits of his crime. *Jones*, 994 F.2d 1051 (quoting *United States v. Jackson*, 756 F.2d 703, 705 (9th Cir. 1985)). A court "is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." *United States v. Whitner*, 219 F.3d 289, 296 (3d Cir. 2000) (quoting *United States v. Caicedo*, 85 F.3d 1184, 1192 (6th Cir. 1996)).

*United States v. Hodge,* 246 F.3d 301, 305-306 (3rd Cir. 2001).  Here, it is common knowledge that

a digital camera is capable of (and indeed designed for) storing images and transferring images to a

computer; therefore, it is reasonable to infer that the evidence (the images) were likely kept on the

camera and on a computer.  The purpose of taking photographs, after all, is to retain them for later

viewing.

The Court is also not persuaded that the warrant is invalid due to the typographical error

included in the warrant and affidavit, with respect to the correct statutory subsection. Errors do

happen.  Indeed, Defendant's argument with respect to this point reads, ironically, as follows:

> What is disturbing, to say the least, is that the alleged statute cited by Investigator Ortiz as having been purportedly violated and the evidence for which law enforcement seeks the search of the Defendant's residence simply **does exist** under Florida law.

(Doc. No. 53 at 6) (emphasis added).  While the subsection was incorrectly listed, the affidavit and

warrant both described the felony as "unlawfully possessing material to include sexual conduct by a

child." Thus, the error goes to form, not substance.  Such clerical errors do not invalidate the affidavit

or warrant.  *See United States v. de la Fuente,* 548 F.2d 528 (5th Cir. 1977) (typographical error not

_____

[4]Even if such detail were determinative, it can be reasonably inferred that a victim could recall such extraordinary events which occurred relatively recently.

fatal); *United States v. Ofshe,* 817 F.2d 1508 (11th Cir. 1987) (mere technicality does not require invalidation of warrant).

The Court  is also unpersuaded by Defendant's claim that the information provided in the affidavit was stale.  For probable cause to exist, the information provided to the magistrate must be timely, but timeliness is decided on a case by case basis. *United States v. Harris,* 20 F.3d 445, 450 (11th Cir. 1994).   "In this case-by-case determination we may consider the maturity of the information, nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched." *Id.* Here, the nature of the suspected crime is child pornography, and the items which were sought are digital images, which are usually retained and stored. *See United States v. Hay,* 231 F.3d 630, 636 (9th Cir. 2000) (six month time lapse did not render information stale -- crediting evidence that "collectors of child pornography value their sexually explicit material highly, rarely if ever dispose of it, and store it for long periods in a secure place . . ."); *see also United States v. Miller,* 450 F.Supp.2d 1321 (M.D. Fla. 2006) (images traded four months before search not stale, collecting cases).

Finally, the Court does not find the warrant to be overbroad.  It appears that Defendant is objecting to the inclusion of the computer in the warrant, as the affidavit does not mention a computer but only speaks to a digital camera.  This argument is of no moment.  As explained above, the purpose of a digital camera is to take digital photographs, and these photographs are designed to be viewed, stored and often transmitted via a computer.  A common sense reading of the affidavit supports this reasonable inference.  The Court finds that the affidavit established probable cause for issuance of the warrant.

**Request for a *Franks* Hearing**

Defendant contends that he is entitled to a hearing pursuant to *Franks v. Delaware,* 438 U.S. 154 (1978), due to material omissions and falsehoods in the warrant affidavit.  In *Franks*, the Supreme Court held that in instances where a defendant makes a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and the allegedly false statement is necessary to a finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." 438 U.S. at 155-56.  Here, the Court finds no such showing has been made.

Defendant claims the following as " reckless omissions":

1. the CV ["child victim"]  indicated that photographs were only taken on one occasion.

2. that the CV was completely unsure as to the dates of the alleged conduct.

3 that the CV was unsure but thought that the Defendant had the camera at his house.

4. the CV had no idea where the camera would have been stored.

5. the CV and her mother had access to the camera.

6. that the CV had never seen photographs of nude girls on the Defendant's computer.

7. that the CV had never seen pictures of herself that were taken by the Defendant.

8. that  the CV informed Investigator Ortiz that she didn't see any photographs on a computer.

These statements do not rise to the level of material deliberate misrepresentations or omissions.  As pointed out by the government, the claimed omissions are selective characterizations of what the child said, most of which are immaterial to the probable cause determination in any event.[5]

---

[5]There is no indication how these statements, even if true, vitiate the allegations in the Affidavit or the crux of the case: the child's testimony that her step-father had sex with her and took photographs of her, on a digital camera which he kept at his house.

This Court finds no basis to conclude that Investigator Ortiz acted intentionally or with reckless disregard in omitting material facts from the affidavit.

As the Court finds that the issuing judge had probable cause, the Court need not reach the issue of whether the government has established entitlement to the good faith exception to the exclusionary rule. *See United States v. Leon*, 468 U.S. 897 (1984). In the interest of completeness, however, the Court finds that reliance on the warrant was objectively reasonable. Far from "rubber-stamping" the warrant, as Defendant suggests, Judge Alva limited the warrant, deleting the requested provisions to search for and seize images containing depictions of certain sexual activity for which there was no evidentiary support, as well as deleting the request for computer peripheral devices and software manuals. It is **respectfully recommended** that the motion be **denied.**

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATION TESTIMONY (Doc. No. 54)** |
| **FILED:** | **August 24, 2007** |
| | **THEREON** it is **RECOMMENDED** that the motion be **DENIED.** |

According to this motion, forensic analysis of the laptop computer seized by the government at the Defendant's residence revealed a number of pornographic pictures of the alleged child victim, with a naked man visible only from the lower torso down. The government showed the photographs to the child's mother, and she identified the Defendant as the man in the pictures. Defendant moves to suppress the identification, contending that the procedure was unduly suggestive in that the mother was fully aware of the allegations against Defendant, including allegations that her daughter was included in pornographic pictures, when she made the identification. The government opposes the motion (Doc. No. 61). The Court **recommends** that the motion be **denied.**

Defendant is charged with three counts of production of child pornography and one count of possession of child pornography.  The government represents that the child in question is Defendant's step-daughter, and the child's mother had been married to Defendant for five years.  Prior to showing the pictures to the child's mother, law enforcement officers redacted the images of the child from the pictures.  The mother was asked if she was able to recognize anything from the pictures.  She identified Defendant as the male in the pictures, and identified her bedroom as the place where some of the pictures were taken.

A witness's in-court identification of a defendant following a pretrial photo identification violates the defendant's constitutional right to due process "if the photographic identification was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968).  The analysis is a two-step process: "First, we must determine whether the original identification procedure was unduly suggestive.  If we conclude that the identification procedure was suggestive, we must then consider whether, under the totality of the circumstances, the identification was nonetheless reliable." *Cikora v. Dugger*, 840 F. 2d 893, 895 (11th Cir. 1988) (internal quotation omitted).

Accepting all of the above factual representations as true, the mother obviously knew of the allegations against Defendant at the time she reviewed the redacted photographs.  This alone, however, is not enough to characterize the display of the photographs as unduly suggestive; nor is it enough to vitiate the reliability of the identification, in light of all of the circumstances.  As pointed out by the government, the child's mother was not asked if Defendant was in any of the pictures, and the image of the child was redacted.  *See United States v. Smith,* 459 F.3d 1276, 1294 (11th Cir. 2006) (procedure not impermissibly suggestive where officers showed pictures to the victim, who was in custody herself for a probation violation, and only asked whether she was able to identify anyone in

any of the pictures).  Moreover, even if the procedure used was suggestive, there is nothing to indicate that the identification was nonetheless not reliable.  Defendant does not dispute that the child's mother was his wife for a significant period of time, and thus, there is no suggestion that she would not recognize his naked body.  As she knew the Defendant before the pictures were taken, and was intimately familiar with his body, there is little likelihood of misidentification.  *United States v. Dobbs,* 449 F.3d 904, 910 (8th Cir. 2006) (noting that "when someone already familiar with a suspect is asked to comment on whether a recorded voice or image portrays the suspect" concerns about a likely false recollection of identity are absent: "In general, a girlfriend, relative, or other acquaintance is better equipped than a juror to determine if an image on a tape is, in fact, the image of the known person.")  The motion to suppress should be **denied.**

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO PRODUCE EVIDENCE** (Doc. No. 55) |
| **FILED:** | **August 24, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

In the motion, Defendant seeks an order compelling the government to produce a digital camera and laptop computer or computer systems owned by the alleged victim and her mother, located at their residence.  No authority is cited in support of this request.  In response (Doc. No. 59), the government contends that it has no obligation or authority to produce these items as they are not in its care, custody or control.[6]  The Court agrees.

Rule 16(a)(1)(E), Fed. R. Crim. Pro. provides:

_____

[6]The government notes that it has made available for inspection a digital camera produced to the government by the victim's mother.  To the extent Defendant is seeking a different camera, the government avers that it does not have it.  The government is not under an obligation to produce what it does not possess.

(E) Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, *if the item is within the government's possession, custody, or control* and:
(I) the item is material to preparing the defense;
(ii) the government intends to use the item in its case-in-chief at trial; or
(iii) the item was obtained from or belongs to the defendant.

Federal Rules of Criminal Procedure, Rule 16 (emphasis added).  It is undisputed that the items, to the extent they exist, are in the care, custody, control and possession of the child victim and/or her mother, and not the government.  As such, the government is under no duty to obtain the items in order to assist the defense.  *See also United States v. Luis-Gonzalez*, 719 F.2d 1539, 1548 (11th Cir.1983 ) (no *Brady*[7] violation when Government did not "possess" documents); *United States v. Brazel,* 102 F.3d 1120 (11th Cir. 1997) (no duty if not in possession, custody or control); *United States v. Cannington,* 729 F.2d 702, 712 (11th Cir.1984) ("The evidence overwhelmingly demonstrates that the government could not and did not violate its Rule 16 discovery obligation with respect to the Avis rental agreement . . . a party cannot produce what it doesn't have.")

The motion is **denied.**  Defendant may follow the usual procedure of obtaining evidence from third parties, if it so chooses.

| | |
|---|---|
| **MOTION:** | **MOTION FOR EX PARTE IN CAMERA ORDER (Doc. No. S-1)** |
| **FILED:** | **August 24, 2007** |
| | |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

Defendant has not shown sufficient grounds for the exceptional relief he seeks.

---

[7]In *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the Supreme Court held that the Government violates a defendant's due process rights when it withholds material evidence favorable to the defendant's case.

-12-

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Orlando, Florida on this 1st day of October, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy