**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**-vs-**                                                                                           **Case No.  6:07-cr-92-Orl-22DAB**

**DONATOS SARRAS**

_____

# ORDER

This cause comes before the Court for consideration of a number of motions and a report and recommendation pending in this case. After careful consideration of these matters, the Court issues the following rulings thereon.

## I.  OCTOBER 1, 2007 REPORT AND RECOMMENDATION (DOC. 68)

At the outset, the Court rejects the Defendant's procedural objection that some of the motions addressed in the Report and Recommendation ("R&R") were not actually referred to the Magistrate Judge. This contention is erroneous. All of the motions addressed in the R&R were referred to the Magistrate Judge, either orally or in writing.

### A.  Defendant's Motion to Exclude Evidence (Doc. 25)

The Defendant has no objection to Judge Baker's recommendation that this motion be denied.

### B.  Defendant's Motion to Produce Medical Records (Doc. 47)

This motion was directly ruled on by the Magistrate Judge. Despite that fact, the Defendant treats the ruling as a recommendation, and objects to it. Under these circumstances, the Court will treat the objection as an appeal of Judge Baker's ruling.

On the merits, the Court determines that the Magistrate Judge did not err in ruling that the United States is not required to produce photographs and blood test results pertaining to the child victim compiled by medical personnel at the Kids House of Seminole, Inc. As Judge Baker noted, the Government is under no obligation to produce items not in its possession, custody or control. Additionally, the United States no longer intends to call the physician's assistant in question as an expert witness in its case in chief. Under these circumstances, the items need not be produced.

### C. Defendant's Motion to Suppress and Motion for *Franks* Hearing (Doc. 53)

By means of this motion, the Defendant seeks suppression of all evidence seized from the Defendant's residence during execution of a search warrant. The Defendant maintains that "the affidavit underlying the State of Florida search warrant did not establish probable cause for the search, that the probable cause (if any) was stale and that if probable cause did exist that the search warrant itself was 'overbroad.'" Doc. 53 at 1. Additionally, the Defendant seeks a *Franks*[1] hearing on the asserted basis that "the affidavit underlying the search warrant contained deliberate and material falsehoods and omissions." *Id.* The Magistrate Judge rejected the suppression arguments, and also determined that the Defendant had not demonstrated any basis for a *Franks* hearing. The undersigned judge concurs.

Considering the totality of the circumstances, Judge Baker was correct in concluding that there existed a fair probability that evidence of the crimes charged would be found in the Defendant's residence. The level of detail the Defendant demands is legally unsupportable. Moreover, the information in the warrant affidavit was not stale. As Judge Baker noted, child

---

[1] *Franks v. Delaware,* 438 U.S. 154 (1978).

pornographers commonly save and store digital images of minor victims,[2] and the time lapse between the commission of the alleged offense and the execution of the search was not unduly long. Further, the inclusion of the Defendant's computer in the search warrant did not render the instrument overbroad. Finally, the Court agrees entirely with Judge Baker's conclusion that there is "no basis to conclude that Investigator Ortiz acted intentionally or with reckless disregard in omitting material facts from the affidavit." Doc. 68 at 9. Perhaps more fundamentally, as Judge Baker noted, "[t]here is no indication how [the statements the Defendant contends were omitted], even if true, vitiate the allegations in the Affidavit or the crux of the case: the child's testimony that her step-father had sex with her and took photographs of her, on a digital camera which he kept at his house." *Id.* at 8 n.5.

### D. Defendant's Motion to Suppress Identification Testimony (Doc. 54)

The undersigned judge agrees with the Magistrate Judge's recommended denial of this motion, as well. The photo identification at issue was not unduly suggestive. Even if it was, under the totality of the circumstances, the identification was nevertheless reliable. As Judge Baker noted, the victim's mother was married to the Defendant for a number of years, and was thus in a position to recognize the Defendant's naked body. Thus, there is little likelihood of misidentification.

### E. Defendant's Motion to Produce Evidence (Doc. 55)

Judge Baker ruled directly on this motion, so the Court will treat the Defendant's objection as an appeal of that ruling. Once again, Judge Baker correctly determined that the United States

---

[2]Of course, the Defendant is presumed innocent of these charges.

-3-

has no obligation to produce items not in its possession, custody or control. The fact that the Government may obtain the items by requesting them does not alter that conclusion. Accordingly, the Magistrate Judge will be affirmed on this point.

### F. Motion for Ex Parte In Camera Order (Doc. S-1)

The Court agrees with Judge Baker that Defendant failed to demonstrate adequate grounds for the relief sought. In any event, aspects of the motion have been overtaken by events. The Defendant has already been physically examined by a defense expert, and the United States is well aware of that fact. Additionally, defense counsel represented during the October 29th status conference that the layout of the jail is not conducive to a photographic examination of the Defendant. As a result, the Court will arrange for the Defendant to be brought to the courthouse so that the photography may be conducted under appropriate circumstances. Finally, the Court is unaware of any general authority it has to require jail officials to allow counsel to bring a cell phone into the jail.

### II. GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF EDWARD J. FERDON OR, IN THE ALTERNATIVE FOR A *DAUBERT* HEARING (DOC. 72)

The United States seeks exclusion of the testimony of defense expert Dr. Edward Ferdon on the asserted basis that "Dr. Ferdon is not qualified to testify competently about the matters he intends to address, and his opinions are not reliable, are not helpful to the jury and are unduly prejudicial." Doc. 72 at 1. Additionally, the Government maintains "Dr. Ferdon should be precluded from testifying because the [D]efendant's scant disclosure produced to the [G]overnment

on October 1, 2007, fails to comply with Fed. R. Evid. 16(b)(1)(C)[3] and is untimely pursuant to the Court's scheduling order." *Id.* (footnote added).

The Defendant devotes most of his response to the Rule 16 disclosure issue, and gives short shrift to the question of whether Dr. Ferdon's testimony meets the standard for admissibility under *Daubert*.[4] However, the Court deems it unnecessary to reach the Rule 16 compliance issues, inasmuch as Dr. Ferdon's testimony would not assist the trier of fact in any meaningful fashion, and is therefore inadmissible pursuant to *Daubert*.[5]

In evaluating the admissibility of expert testimony, trial courts must consider whether

> (1) the expert is qualified to testify competently regarding the matters he [or she] intends to address; (2) the methodology by which the expert reaches his [or her] conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*United States v. Abreu*, 406 F.3d 1304, 1306 (11th Cir. 2005) (alterations added) (quoting *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004)). Dr. Ferdon's testimony fails the third prong.

According to his expert report, Dr. Ferdon proposes to testify that based on his visual examination of the Defendant, (1) the Defendant's "penis has a several millimeter mole on the proximal right shaft dorso-laterally at approximately the 2:00 [position]," (2) "[t]his mole is not

---

[3] The Court assumes the Government intended to refer to Rule 16 of the Federal Rules of Criminal Procedure, rather than the Federal Rules of Evidence.

[4] *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993).

[5] The Court determines that a *Daubert* hearing is unnecessary.

seen on the penis in any of the photographs [of the male subject with the child victim]," and (3) "[t]his mole would most certainly have been visible in the photographs." Doc. 72-2. Additionally, Dr. Ferdon proposes to testify that "the position and lengths of the visible dorsal vein and other superficial veins on the shaft of Mr. Sarras' penis are different from those of the penis in the photographs." *Id.* In essence, then, Dr. Ferdon proposes to testify that the penis shown in the incriminating photographs is not the Defendant's.

However, this is not a subject necessitating expertise; no specialized knowledge is required here. The doctor's observations are simply a visual comparison between the characteristics of the penises. The same visual comparison can be made just as easily by a non-expert, including the jurors themselves (from photographs). In other words, Dr. Ferdon's proposed testimony concerns a matter within the understanding of the average layperson. *See Frazier,* 387 F.3d at 1262 ("expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person"). The Court thus concludes that Dr. Ferdon's testimony would not assist the trier of fact in any meaningful way.[6] Accordingly, Dr. Ferdon will not be permitted to testify as an expert witness in this case. The Defendant's "right to put on a meaningful defense [does] not include the unfettered and unreviewable opportunity to present all expert opinion, even if it [does] not meet the basic requirements for admissibility found in Rule 702." *Id.* at 1272.

---

[6]In his response to the Government's motion, the Defendant also fails to establish the reliability of Dr. Ferdon's methodology. In fact, the Defendant does not even address the issue. On this additional basis, Dr. Ferdon's proposed testimony fails the *Daubert* standard. Finally, even if Dr. Ferdon's opinions did satisfy *Daubert* requirements, they are inadmissible under Fed. R. Evid. 403. *See Frazier,* 387 F.3d at 1263 ("Because of the powerful and potentially misleading effect of expert evidence, . . . sometimes expert opinions that otherwise meet the admissibility requirements may still be excluded by applying Rule 403").

## III. CONCLUSION

Based on the foregoing, it is ORDERED as follows:

1. The Magistrate Judge's October 1, 2007 Report and Recommendation (Doc. 68) is APPROVED AND ADOPTED.

2. The Defendant's Objection[s] (Doc. 69) to the R&R, filed on October 9, 2007, are OVERRULED.

3. The Defendant's Motion to Exclude Evidence (Doc. 25), filed on July 16, 2007, is DENIED.

4. The Defendant's Motion to Suppress and Motion for Franks Hearing (Doc. 53), filed on August 24, 2007, is DENIED.

5. The Defendant's Motion to Suppress Identification Testimony (Doc. 54), filed on August 24, 2007, is DENIED.

6. In all other respects, the Magistrate Judge's direct rulings set forth in the R&R are AFFIRMED.

7. The Government's Motion In Limine to Exclude the Testimony of Edward J. Ferdon or, in the Alternative for a *Daubert* Hearing (Doc. 72), filed on October 17, 2007, is GRANTED. Dr. Ferdon shall not be permitted to offer expert testimony at trial.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 30, 2007 .

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Pro Se Party
Magistrate Judge
United States Marshals Service
United States Probation Office
United States Pretrial Services